```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION


PARK HILL ASSOCIATES, LLC                           PLAINTIFF


          v.              Civil No. 08-5211


G.N. CONTRACTORS, LLC                               DEFENDANT


          and


G.N. CONTRACTORS, LLC                     THIRD-PARTY PLAINTIFF


          v.


ARKANSAS NATIONAL BANK;
ANB VENTURE, LLC; and CRAFTON,
TULL, SPARKS & ASSOCIATES, INC.      THIRD-PARTY DEFENDANTS


          and


ANB VENTURE, LLC                     THIRD-PARTY PLAINTIFF
                                      and COUNTER-CLAIMANT
          v.


PARK HILL ASSOCIATES, LLC,
and STEVE DAVIS,                     THIRD-PARTY DEFENDANTS
and G.N. CONTRACTORS, LLC               COUNTER-DEFENDANT


          and


STEVE DAVIS                          THIRD-PARTY PLAINTIFF


          v.


PARK HILL ASSOCIATES, LLC,                 CROSS-DEFENDANT
and JOHN TAYLOR; HARVE TAYLOR;
CHARLES HART; and TAYLOR HART LLC    THIRD-PARTY DEFENDANTS
```

**and**

**RAINMAKER GROUP LLC**                                          **INTERVENOR**

        **v.**

**PARKHILL ASSOCIATES, LLC, HARVE
TAYLOR, CHARLES HART, and
TAYLOR HART, LLC**                      **DEFENDANTS IN INTERVENTION**

### MEMORANDUM OPINION

Now on this 9th day of August, 2010, comes on for consideration **ANB Venture, LLC's Motion For Summary Judgment** (document #50), to which there is no response, and from said motion the Court finds and orders as follows:

1.  The plaintiff in this case, Park Hill Associates, LLC ("Park Hill"), brought suit against G.N. Contractors, LLC ("Contractors") for liquidated damages for the alleged failure of Contractors to complete construction of the Highland Park Subdivision ("Highland Park" or the "Property") in the time required by written contract.

Contractors counterclaimed, alleging that Park Hill was in breach of contract, and seeking to foreclose a mechanic's and materialman's lien on the Property.

These claims were subsequently resolved by the entry of Consent Judgment Against Separate Defendant G.N. Contractors, LLC (the "Consent Judgment") on July 20, 2010.

2.  Contractors filed a Third Party Complaint against

Arkansas National Bank ("ANB") and ANB Financial, N.A. ("ANB Financial"), recognizing that those entities might claim rights in the Property as a result of real estate mortgages related thereto. Contractors also filed a Third-Party Complaint against Crafton, Tull, Sparks & Associates ("Crafton Tull"), alleging that Crafton Tull, as project engineer, committed negligent acts and omissions and breaches of contract that caused damage to Contractors. These claims were later dismissed.

3.    The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for ANB Financial and was substituted in its stead as a party.  Due to assignments of rights, ANB Venture, LLC ("ANB Venture") was then substituted for FDIC.  ANB Venture filed a Third-Party Complaint against Park Hill and Steve Davis ("Davis"), seeking to collect or foreclose several promissory notes alleged to be secured by the Property, and personal guarantees securing the notes.

ANB also filed a counterclaim against Contractors, alleging that any lien of Contractors is inferior to those of ANB Venture.

5.    It is in this posture that the pending motion arises. ANB Venture contends that it is entitled to summary judgment against Park Hill and Davis for all amounts due under the promissory notes, and against all parties for the foreclosure of liens against the Property.

6.    Summary judgment should be granted when the record,

-3-

viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**.

The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988)**. Here, the non-moving parties have not come forward with any facts showing the existence of a genuine dispute.

7. As required by **Local Rule 56.1**, ANB Venture filed a Statement Of Undisputed Facts In Support Of Its Motion For Summary Judgment. There being no response in opposition, these facts are accepted as true, and are as follows:

* On or about July 29, 2004, Park Hill executed a promissory note ("Note 1") in the amount of $2,500,000 in favor of ANB. Note 1 has been renewed several times since July 29, 2004.

-4-

    \* On or about July 29, 2004, for purposes of securing payment of Note 1, Park Hill executed and delivered to ANB a Real Estate Mortgage ("Mortgage 1") on the following described real property in Benton County, Arkansas:

> Part of the NE 1/4 of the SW 1/4 and part of the SE 1/4 of the SW 1/4 of Section 26, Township 20 North, Range 31 West, Benton County, Arkansas, being more particularly described as follows: Beginning at the NE corner of said S/2 of the NE 1/4 of the SE 1/4, thence South 02 Degrees 29 Minutes 18 Seconds West 864.83 feet to a point in Elm Tree Road, thence North 87 Degrees 34 minutes 18 Seconds West 673.32 feet; thence North 00 Degrees 12 Minutes 13 Seconds East 46.99 feet, thence North 87 Degrees 44 Minutes 33 Seconds West 644.16 feet to the West line of said SE 1/4 of the SW 1/4, thence North 02 Degrees 32 Minutes 22 Seconds East 849.83 feet, thence South 86 Degrees 16 Minutes 02 Seconds East 1318.90 feet to the Point of Beginning.  This property is subject to a 60 foot wide easement as per Warranty Deed recorded May 12, 1975, in Deed Record 486 at page 194 and as shown in Plat Record 6-249.  Also subject to any other easements of record or fact.

    \* Mortgage 1 was recorded on August 4, 2004, in book 2004 at page 190055 of the Benton County land records.

    \* On or about March 2, 2007, Park Hill executed and delivered to ANB a modification of Mortgage 1 which was recorded on May 1, 2007, in Book 2007 at page 99020 of the Benton County land records.

    \* On or about July 29, 2004, for purposes of further securing payment of Note 1, Davis executed a Guaranty Agreement ("Guaranty 1") wherein he agreed to pay the indebtedness evidenced by Note 1.

    \* On or about October 4, 2005, Park Hill executed and

delivered to ANB a promissory note ("Note 2") in the amount of $910,000. Note 2 has been renewed several times since October 4, 2005.

* On or about October 4, 2005, for purposes of securing payment of Note 2, Park Hill executed and delivered to ANB a Real Estate mortgage ("Mortgage 2") covering the same property that secured Note 1. Mortgage 2 was recorded on October 10, 2005, in book 2005 at page 278598 of the Benton County land records.

* On or about March 2, 2007, Park Hill executed and delivered to ANB a modification of Mortgage 2 which was recorded on May 1, 2007, in book 2007 at page 99023 of the Benton County land records.

* On or about October 4, 2005, for purposes of further securing payment of Note 2, Davis executed and delivered to ANB a guaranty agreement ("Guaranty 2") wherein he agreed to pay the indebtedness evidenced by Note 2.

* ANB Venture has been assigned all rights in and to Note 1, Mortgage 1, Guaranty 1, Note 2, Mortgage 2, and Guaranty 2, and all renewals and modifications thereof. ANB is now the owner and holder of Note 1, Mortgage 1, Guaranty 1, Note 2, Mortgage 2, and Guaranty 2, and all renewals and modifications thereof, and all rights relating thereto.

* Despite demands, Park Hill has failed and refused to pay Note 1 and Note 2 in accordance with the terms and conditions

-6-

therein, and as a result is in default under Note 1, Mortgage 1, Note 2, and Mortgage 2.

     *     Despite demands, Davis has failed and refused to pay the indebtedness on Note 1 and Note 2, and is in default on Guaranty 1 and Guaranty 2.

     *     The principal sum of $1,977,692.73 is past due on Note 1, with accrued interest of $818,042.86 through January 13, 2010, and interest accruing at the rate of $975.30 per day from January 14, 2010, through the date of judgment.

     *     The principal sum of $900,326.58 is past due on Note 2, with accrued interest of $257,962.06 through January 13, 2010, and interest accruing at the rate of $444.00 per day from January 14, 2010, through the date of judgment.

     9.     Based on the foregoing undisputed facts, the Court finds that ANB Venture's motion is good, and that ANB Venture is entitled to judgment as against separate defendants Park Hill Associates, LLC, and Steve Davis, in the amount of $4,249,238.63.

     **IT IS THEREFORE ORDERED** that **ANB Venture, LLC's Motion For Summary Judgment** (document #50) is **granted.** Judgment in accordance with this Order will be entered concurrently herewith.

     **IT IS SO ORDERED.**

                              /s/ Jimm Larry Hendren
                              **JIMM LARRY HENDREN**
                              **UNITED STATES DISTRICT COURT**